IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:26-cr-00213-BL-SMD |
| | ) | |
| QUINCY MAURICE JONES | ) | |
| | ) | |

**OPINION AND ORDER**

Before the court is the Defendant's Motion for De Novo Review of Detention Order and for Pretrial Release pursuant to 18 U.S.C. § 3145(b) filed on August 24, 2026. (Doc. 32). Specifically, the Defendant asks the court to revoke the detention order "entered by the United States Magistrate Judge in the Northern District of Georgia" and :release him subject to appropriate conditions under 18 U.S.C. § 3142(c)." (Doc. 32 at 1). As background, the Defendant was arrested in Georgia on a federal complaint issued from this District, and Magistrate Judge Vineyard conducted an identity, preliminary, and detention hearing in the Northern District of Georgia, before the Defendant was transferred to this District to face the charge against him. (Doc. 32 at 2).

A person ordered detained by a Magistrate Judge may move the court with original jurisdiction over the offense to revoke or amend the order of detention. 18 U.S.C. § 3145(b). When a detainee moves to revoke a Magistrate Judge's pretrial detention order, "the district court must conduct an independent review to determine

whether the magistrate [judge] properly found that pretrial detention is necessary." *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). Under 18 U.S.C. § 3142(e), the district court has "substantial latitude in determining whether pretrial detention is appropriate." *Id.* at 487. The Eleventh Circuit has instructed that

> based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct. The court may then explicitly adopt the magistrate's pretrial detention order. Adoption of the order obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention

*King*, 849 F.2d at 490. Here, the Magistrate Judge made his ruling during May 22, 2026 detention hearing.

In his ruling during the Defendant's detention hearing, Magistrate Judge Vineyard stated:

> So the first issue is identity. Agent Miller testified that a warrant was obtained in the Middle District of Alabama last Friday for this individual, Mr. Quincy M. Jones, and that he was picked up on that warrant after having been identified by the victim from Rockdale County where he was in custody on a parole violation. So the government has established that a warrant has been issued for his arrest in Montgomery and that he has been arrested as the individual for whom the warrant was issued. So that identity is satisfied.
>
> With respect to probable cause, Mr. Johnson, I think you make some good points with evidence you have to work with with respect to the arguments that you have made. But at this stage, there is sufficient probable cause to find that Mr. Jones

has violated the law as alleged in the complaint. The testimony presented again by Agent Miller established that the victim did disclose her age. Whether that was even required or not under the *Cox* case and the Eleventh Circuit jury instruction that Ms. Terry has argued, that it is satisfied for this stage of the proceedings anyway because she indicated in interviews that she did inform Mr. Jones of her age of 15 when she's actually 13 before he even went down there to pick her up and that the conversation that happened in the car as soon as he picked her up was an indication of what his intent was, to return to Atlanta to cross state lines for the purpose of engaging in sexual relations with a minor. So the government has satisfied the elements to establish probable cause.

Which then leads us to detention. Because there is probable cause to believe that he's committed an offense for which the rebuttable presumption applies, I find that he's not rebutted the presumption, that he does not pose a danger to the community.

He engaged in very serious conduct in traveling across state lines when he was not allowed to while he was on parole for the purpose of picking up a 13-year-old who he was -- according to the evidence before me was notified she was 15, nonetheless a minor, in the middle of the night and driving her back to Atlanta for the purpose of having sex with her over several days at his residence, coupled with the fact that his criminal history involves somewhat similar conduct in terms of false imprisonment and trafficking a person for labor servitude.

His history of multiple probation violations convinces me he is not a good candidate for bond. The fact this conduct occurred while he was on parole strengthens the view that he should be detained because he does pose a danger.

As far as flight risk goes, if that were the only issue, we could probably fashion something given his ties to the community and his ties to Atlanta. But the danger to the

> community is very present to me given his criminal history, his conduct on probation and parole, and the nature of the offense charged here.
>
> So I will order him detained to be transported back to the Middle District of Alabama to address the charges there.

(Doc. 32-1 at 36-38).

Based upon its independent review of the transcript of the May 22, 2026, detention hearing held by Magistrate Judge Russell G. Vineyard and the relevant law, the court finds that, in conjunction with the factors provided in 18 U.S.C. § 3142(g), the Defendant has not overcome the rebuttable presumption of detention in this case, and the court also finds that the government has met its burden of showing by clear and convincing evidence that no condition or combination of conditions of pretrial release will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e)(1). As the Magistrate Judge found, the charges against the Defendant are very serious, (doc. 32-1 at 27). And as the Magistrate Judge found, and the Defendant does not dispute, the charge against the Defendant of transporting a minor in interstate commerce with the intent to engage in sexual activity with the minor creates a rebuttable presumption under 18 U.S.C. § 3142(e)(1) that the Defendant presents a danger to the community. (Doc. 32 at 3; Doc. 32-1 at 33, 37).

The Defendant argued before the Magistrate Judge and reiterates in his current motion that he presented sufficient evidence to overcome the presumption, including his stable residence, longstanding employment, extensive ties to the community, and

substantial family support. (Doc. 32 at 4; Doc. 32-1 at 29-30). But the court agrees with the Magistrate Judge that these facts do not overcome the presumption that the Defendant would be a harm to the community if released. These facts existed when he allegedly transported a minor across state lines for sex while on parole. This court finds that the Defendant's multiple probation violations in 2008, 2011, and 2014, his prior obstruction charge, and the fact that he committed the instant offense while on parole, support a finding that no conditions of pretrial release on bond would prevent him from posing a harm to the community. Despite the Defendant's arguments, the court finds that the fact the he violated conditions of probation and parole many times over the past 18 or so years demonstrates that he will not abide by conditions of pretrial release and would be a harm to the community if released on bond regardless of the conditions of release.

The court agrees with the Magistrate Judge that the Defendant's "criminal history, his conduct on probation and parole, and the nature of the offense charged here" support a finding that no conditions or pretrial release would protect the community from harm posed by releasing the Defendant on bond. (Doc. 32-1 at 38).

Accordingly, for the reasons explained by Magistrate Judge Vineyard in the May 22, 2026 transcript of the detention hearing, and the reasons set out in this order, the court DENIES the Defendant's motion to revoke the Magistrate Judge's detention order and release him subject to conditions of release. The Defendant shall

remain in the custody of the Attorney General for confinement without bond pending a final disposition in this case.

**DONE** and **ORDERED** on this the 14th day of September, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE